A. C. L. R. R. Co. v. Lukens—Syllabus.

ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in Error*, v. W. B. LUKENS, *Defendant in Error.*

Opinion Filed October 29, 1914.

In an action to recover statutory amounts for the failure of the carrier to properly equip the cars used for hauling lumber and timber, it is error to exclude testimony that the cars were under a special contract allowed to go out on a private track to be loaded beyond the control of the carrier, where the real shipper had contracted to properly equip the cars before loading them to be transferred to the carrier on its line.

Writ of error to Circuit Court for Alachua County; James T. Wills, Judge.

Judgment reversed.

*R. A. Burford* and *C. R. Layton,* for Plaintiff in Error;

*Thos. W. Fielding,* for Defendant in Error.

WHITFIELD, J.—Lukens obtained a judgment against the railroad company for failing "to efficiently and suitably equip and supply every and all flat cars and cars belonging to such carrier, and which may be furnished on which to load any cargo of lumber or timber with all proper and sufficient standards, supports, stays, strips, railings and other equipment and appliances necessary to hold and keep the cargo firmly in place," as required by Sestion 2864, General Statutes of 1906. Section 2866 provides that should the carrier "fail in the duty imposed upon it," and the unsupplied standards, etc., "and other proper equipment shall be provided by the shipper, it shall be * * * the duty of such carrier owning cars to pay the shipper one and one-half dollars for each and every car to which it may be necessary for said shipper to supply or provide." The cause went to trial on pleas of never was

indebted, not guilty and of the statute of limitations. At the trial the defendant offered to prove by a witness: "That the said witness, Dunham, was in charge of the milling operations at Paradise, as lessee under W. B. Lukens, the plaintiff, having the right as such lessee to use, cut and remove the cypress timber in the vicinity of the Suwannee River, from which the logs constituting the shipments involved in this suit, and while acting under said lease, contract or agreement, it was his right and duty to provide for the cutting of said logs, and for the transportation of the same to the mill at Paradise, to be there converted into lumber for further handling as a mercantile lumber product. That the milling interest owned and controlled certain spur tracks reaching the timber along the Suwannee River, which spur track extended out from the main line of the defendant company, and was something like two miles in length, which spur track, by reason of its needs for only temporary use, was not so constructed or provided with rails of sufficient size and strength to render operations on the same by heavy engines or trains advisable or safe. That the said witness, having charge of such matters under his lease, contract or agreement with the said plaintiff, and in order that the said timber, when cut into saw logs, could be reached and handled at least expense, applied to said defendant for some arrangement to be made by which the said logs could be cut at points considerably removed from the line of said defendant company, and as the result thereof it was mutually understood that the said defendant company would put into that service a number of flat cars from time to time, to be left on a siding accessible to said spur mill tracks, which cars the said witness, in conducting the business of cutting and transporting said logs to the mill, in connection with his contract or lease-hold rights with

the plaintiff, would be carried out on said spur track by the mill engine or equipment, and loaded by the mill forces at such points along said spur track as might be most convenient, and that when loaded, the said flat cars would be turned over to the defendant at the said siding adjacent to its main line, fully equipped with stanchions, staves, etc. That on said cars being so suitably equipped by the mill forces, would be transported by the said defendant, from time to time, to the said mill at Paradise, same to be there again unloaded by the mill forces for conversion into lumber. That when a car should be damaged or unfit for service without repairs, the same would be supplied by additional cars, furnished by said defendant; the standards in the damaged car furnished by the plaintiff to be removed for further use in connection with such special service. That no demand was ever made upon the defendant company to furnish standards, staves or strips, until long after the said special operations and service had ceased, and no claim was ever presented to said defendant until said operations had ceased. That the cars used in said service were as a general thing continued in said special service until they should need repairs, and in such cases other cars were substituted. That the billing of the cars to the plaintiff and the shipment in his name was simply for convenience in the payment and collecting of freight charges, and that the plaintiff charged the same to the said lessee. That the said defendant would not and could safely operate its trains over said spur track, it having no control whatsoever over the same, and declined to receive cars from said plaintiff or from those in charge of said shipment, unless they were turned over to said defendant at the said siding, properly loaded and equipped so as to render the transporta

tion of the same safe.   That when the said cars were originally equipped by the mill forces with standards, the said defendant delivered the same loaded with logs at the mill at Paradise, and had nothing whatever to do with either the loading or the unloading of said logs. That after unloading, the said cars would be taken up by the defendant at Paradise, and again transported to the siding at the spur track aforesaid, in the same condition as to standards that they were in at the time of such movement of empties, and any necessity for a second equipment of any of said cars was solely by reason of the carelessness or negligence of the mill forces in not caring for and preserving the same."

This proffered testimony was excluded on an objection that it was "immaterial, irrelevant and not pertinent to the issues."   It is argued that this ruling was harmful error, and it appears to be so.   There was no offer to show a contract against negligence, and the statutory duty imposed may lawfully be contracted against under the circumstances offered to be shown in evidence.   If Dunham was in fact the real "shipper" and the loading was done on a private track the loaded cars to be delivered to the defendant "properly loaded and equipped so as to render the transportation of the same safe," it may be shown.   It is not alleged that the plaintiff here was injured in any way by the use of the cars on the defendant's track without the statutory equipment.   The statute provides for the recovery of a monetary penalty by the "shipper" if the carrier "shall fail in the duty imposed upon it," and the proffered defense to the alleged liability could lawfully have been made under the general issue.

For this material error the judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.